(No. 1174—Claimant awarded $4,350.00.)

ERMA CLENDENING, ADMINISTRATRIX OF THE ESTATE OF PAUL E. CLENDENING, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

RESPONDEAT SUPERIOR—*State not liable.* The State is not liable for injuries sustained by its employees while in the performance of their duty.

EQUITY AND GOOD CONSCIENCE—*award may be made.* While no legal liability exists against the State for injuries sustained by its employees in the discharge of their duty, an award may be made to him for such injuries, as a matter of equity and good conscience and the amount of the award fixed upon the basis of the Workmen's Compensation Act.

OSCAR J. PUTTING, for claimant.

OSCAR E. CARLSTROM, Attorney General; MERRILL F. WEHMHOFF, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

In this case Paul E. Clendening was employed by the State of Illinois as a State highway patrolman on State Bond Issue Route No. 5. His district was between Elgin and Melrose Park, Illinois.

On the 16th day of February, A. D. 1927, he was patroling within his district with another State highway patrolman, under the orders of his superior officer, both being on the lookout for holdup men who had been working this particular territory a great deal of that time.

The two patrolmen were riding in an automobile, the other patrolman driving the car. While driving on said hard road about 4:00 or 5:00 o'clock of the morning on said date, the car ran onto some ice upon the pavement, which caused it to skid, throwing the deceased through the top of said automobile, after which the car turned over on the deceased, killing him almost instantly.

At the time of his death the deceased left surviving him two children under the age of 16 years and a wife, with whom he was living and supporting.

The salary of the deceased was $150.00 per month as said employee.

Under Paragraph a, Section 7, of the Workmen's Compensation Act, which is as follows: ''If the employee leaves any widow, child or children whom he was under legal obligations to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than $1,650,00 and not more in any event than $3,750.00. Any compensation payments other than necessary medical, surgical or hospital fees or services shall be deducted in ascertaining the amount payable on death,'' and Paragraph h of Section 7, which is as follows: ''Whenever in paragraph (a) of this section a minimum of $1,650.00 is provided, such minimum shall be increased in the following cases to the following amounts: $4,350.00 in case of two or more children under the age of 16 years at the time of the death of the employee,'' this claimant would be entitled to $4,350.00.

For the reason that as a matter of law the State is under no legal obligation to compensate for injuries of this kind, we hold the demurrer filed in said cause good. However, as a matter of equity and social justice, we recommend that an award be made in this case on the basis of the Workmen's Compensation Law.

We therefore recommend an award of $4,350.00.